IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quoteas Nesbitt, ) | C/A No.: 5:24-316-BHH-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden of Ridgeland Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Quoteas Nesbitt ("Petitioner") is an inmate incarcerated at the Ridgeland Correctional Institution of the South Carolina Department of Corrections. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 28, 29. On June 21, 2024, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Motion for Summary Judgment and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 30. Petitioner failed to respond. The court issued an order on July 31, 2024, directing Petitioner to advise the court whether he wished to continue with his case and to file a response to Respondent's Motion by August 30, 2024. ECF No. 33. After being granted an extension, ECF No. 36, Petitioner filed a motion to amend petition. ECF No. 38. The court denied Petitioner's motion to amend on October 15, 2024. ECF No. 40. Petitioner was granted a second extension, ECF No. 41, and on November 14, 2024, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. ECF No. 43. Respondent filed a Reply to Petitioner's Response om November 11, 2024. ECF No. 46. Having carefully considered

the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 29, be granted, and this Petition be denied.

I.  Procedural Background

Petitioner was indicted by the Colleton County grand jury during the March 2013 term of court for murder and possession of a weapon during a violent crime. App. 669–72.[1] Petitioner proceeded to a jury trial on August 25-28, 2014, before the Honorable Perry M. Buckner, III, Circuit Court Judge. App. 1 *et. seq*. Petitioner was represented by Matthew Walker, Esquire, and Assistant Solicitor Tameaka Legette represented the State. App. 1. The jury found Petitioner guilty as indicted. App. 594. Judge Buckner sentenced Petitioner to 50-years imprisonment. App. 604.

Petitioner appealed his convictions to the South Carolina Court of Appeals ("Court of Appeals"). ECF No. 28-4. On appeal, Petitioner was represented by Appellate Defender Susan B. Hackett, Esq., of the South Carolina Office of Appellate Defense, who filed an *Anders*[2] brief of appellant raising the following issue:

> Did the trial judge err in allowing a police officer to identify Appellant as the perpetrator where the officer was not a witness to the crime but was asked by fellow officers to identify Appellant in a grainy video of the shooting in violation of Appellant's right to due process of law?

*Id.* at 4. Attorney Hackett certified the appeal was without legal merit and asked to be relieved as counsel. *Id.* at 16. Petitioner filed a pro se brief of Appellant in July 2015. *Id.* at 20–29. On March

---

[1] Citations to "App." refer to the Appendix for Petitioner's trial transcript and Post-Conviction Relief ("PCR") proceedings and the page numbers on the top of the page. That appendix is available at ECF No. 28-1 to 28-3 in this habeas matter.

[2] *Anders v. California*, 386 U.S. 738, 744 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.

2, 2016, the Court of Appeals filed an unpublished decision dismissing Petitioner's appeal. *Id.* at 31. The remittitur was issued on May 18, 2016. *Id.* at 32–33.

Petitioner filed a post-conviction relief ("PCR") application on September 28, 2016, in which he alleged ineffective assistance of counsel, prosecutorial misconduct, and judicial abuse of discretion claims. App. 607–11. The State filed a return, partial motion to dismiss, and motion for more definite statement on October 23, 2018. App. 613–18. Petitioner filed an Amended PCR application on August 19, 2019. App. 620–21.

At PCR, Petitioner was represented by James A. Falk, Esq., and the State was represented by Assistant Attorney General Benjamin H. Limbaugh. App. 622–55. A PCR evidentiary hearing was held before the Honorable Jennifer B. McCoy, Circuit Court Judge, on August 27, 2019, at which Petitioner and his counsel Matthew Walker testified. *Id.* On January 14, 2020, Judge McCoy issued an order dismissing Petitioner's PCR Application. App. 657–68.

Petitioner appealed the dismissal of his PCR application. ECF No. 28-5. Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. ECF No. 28-6. Attorney Carter filed a petition for writ of certiorari in the South Carolina Supreme Court on September 8, 2020, raising the following issues:

1. Trial counsel erred in failing to object to the testimony of two police officers who stated that they were familiar with petitioner and where one officer identified petitioner in connection with the shooting because this constituted inadmissible and prejudicial prior bad acts testimony.

2. Trial counsel erred in failing to move for a mistrial when the trial judge sustained an objection to testimony about facts not in evidence (a favorable photographic lay-out identification) in the case.

*Id.* at 3. The State filed a return on January 25, 2021. ECF No. 28-7. The South Carolina Supreme Court transferred the petition for writ of certiorari to the Court of Appeals which denied the petition

3

on January 23, 2023. ECF Nos. 28-8, 28-9. The Remittitur was issued on February 10, 2023. ECF No. 28-10. This Petition followed on January 22, 2024. ECF No. 1.

II. Discussion

    A. Federal Habeas Issues

Petitioner states the following ground, quoted verbatim, in his habeas petition:

**GROUND ONE**: Character

> Supporting Facts: How two officer stated they knew me and 1 officer Becoming a eye witness in my case when He wasn't' present at seen when Incident occur How one officer stated she knew me From the county that dis credit my character

ECF No. 1 at 5 (Errors in original).

    A. Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.

    B. Analysis of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Bar

        1. Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the AEDPA, review of her claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997);

*Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A), "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated [in subsections (B), (C), or (D)] is present and starts the clock running at a later date." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In interpreting §§ 2244(d)(1) and (2), the Fourth Circuit has held the time that elapses between completion (or expiration) of direct review and commencement of state post-conviction review counts toward the one-year limitation period. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("In short, [28 U.S.C. § 2244(d)] provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction

5

proceedings are pending in any state court."). "Moreover, the one-year limitation period is also subject to equitable tolling in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill*, 277 F.3d at 704.

    2.    Petitioner's Application Is Time-Barred

Respondent contends Petitioner's habeas petition is untimely and should be dismissed. ECF No. 28 at 10–11. The AEDPA's one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 565 U.S. 134, 149–52 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Review of the record indicates Petitioner's federal habeas petition was not timely filed. As previously summarized, Petitioner appealed his conviction by filing a Final Brief of Appellant that was dismissed by the Court of Appeals on March 2, 2016. ECF No. 28-4 at 31. Petitioner was then required to petition the Court of Appeals for rehearing to pursue review with the South Carolina Supreme Court. *See* Rule 242(c), SCACR (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Because Petitioner did not file a petition for rehearing, his conviction became final on March 17, 2016, after the time period for filing a petition for rehearing had expired. *See* Rule 221(b), SCACR (stating that petitions for

rehearing must be actually received by the appellate court no later than 15 days after the filing of the opinion, order, judgment, or decree of the court). Petitioner's filing of his PCR application on September 26, 2016, App. 607, tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2), at which time 192 days had elapsed, leaving 173 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled until February 10, 2023, upon the issuance of the remittitur following the dismissal of Petitioner's PCR appeal. ECF No. 28-10.³ The statute of limitations expired on August 4, 2023; however, Petitioner did not file his habeas action until January 22, 2024, 171 days after the statute of limitations had run. Accordingly, the instant petition is untimely.

        3.        The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris*, 209 F.3d 325. The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses

---

³ The undersigned recognizes there is caselaw indicating that the date the remittitur was filed with the local clerk of court may be the proper date for calculation of the stature of limitations. *See Beatty v. Rawski*, No. 1:13-3045-MGL-SVH, 2015 WL 1518083, at *2–6 (D.S.C. Mar. 31, 2015) (remittitur filed). However, the court notes that date the remittitur was filed in this case would not be the appropriate date to use in this case. A copy of the filing from the Colleton County clerk of court shows the remittitur in this matter was not timely inputted as it was filed on June 19, 2024, 495 days after the February 10, 2023, order dismissing the appeal. *See* ECF No. 47-1.

> to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill*, 277 F.3d at 705; the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2254 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 644–46 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 648–49 (quoting *Pace*, 544 U.S. at 418)).

In his Response in Opposition, Petitioner disagrees his Petition is untimely. ECF No. 43 at 6. Petitioner alleges he never received a copy of the remittitur to inform him his appeal was dismissed and the lower court had regained jurisdiction in his matter. ECF No. 43 at 6. Petitioner states he became aware of the dismissal in September 2023 after calling the South Carolina Commission on Indigent Defense. *Id.* Petitioner claims after he learned of the dismissal, he was not able to "gain access to the law library, and the law clerks of the library due to lockdowns for staff shortages." *Id.* Petitioner contends he arrived at Ridgeland Correctional Institution in January

8

2023, and due to the wing/tier rotation, he was forced to choose between using his limited time for exercise, shower, or to access the law library. *Id.*

In Reply, Respondent contends Petitioner received a copy of the order denying certiorari and a copy of the remittitur noting "Petitioner was individually cced for service by the South Carolina Court of Appeals." ECF No. 46 at 2. Respondent also contends Petitioner was represented by counsel when these documents were filed "and he would have received notice from counsel as to the ruling, the Remittitur, and the end of counsel's representation." *Id.*

The undersigned finds equitable tolling is not warranted in this matter as Petitioner cannot meet either of the *Holland* factors to show that the limitations period should have been tolled. Although Petitioner states he did not receive a copy of the remittitur in this action, Petitioner indicates he made one phone call to check on his PCR appeal during the three years his appeal was pending. Petitioner fails to outline any other actions that he took following the filing of his notice of appeal to ascertain the status of his appeal. As such, the undersigned finds Petitioner has not shown he diligently pursued his rights. Further, even after Petitioner claims he received notice that his appeal was dismissed, Petitioner waited an additional four months to file his habeas Petition. Petitioner's claim that he was denied access to a law library and law clerk does not constitute exceptional circumstances for the purposes of equitable tolling as Petitioner does not indicate why his inability to access the law library delayed his habeas filing. *See Unites States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); *see also, Harry v. Johnson,* No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling). The undersigned recommends the Petition be dismissed on statute-of-limitations grounds.

Having found the statute of limitations bars Petitioner's § 2254 Petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.     Conclusion and Recommendation

Based upon the foregoing, the undersigned recommends Respondent's Motion for Summary Judgment, ECF No. 29, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

November 25, 2024                                                          Kaymani D. West
Florence, South Carolina                                               United States Magistrate Judge


**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**

**"Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).